Rubin v Hodes
2026 NY Slip Op 03328
May 27, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Robert M. Rubin, appellant,
v
Robert Hodes, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 27, 2026
2021-00669, (Index No. 611593/18)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Phillip Hom, JJ.

Law Office of Kramer, LLC, New York, NY (Edward C. Kramer and Elizabeth M. Pappas of counsel), for appellant.
Hine & Ogulluk LLP, Melville, NY (William J. Hine, Sevan Ogulluk, and Brian W. Hine of counsel), for respondents Robert Hodes, Cost Containment Group, Inc., Tracy Bourandas, UHP-Delaware, Inc., and Patriot Health, Inc.
Simmons Jannace DeLuca, LLP, Hauppauge, NY (Sal F. DeLuca and Thomas Jannace of counsel), for respondents Cost Containment Group, Inc., Employee Stock Ownership Plan and Wilmington Trust Retirement and Institutional Services Company.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered December 11, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Robert Hodes, Cost Containment Group, Inc., Tracy Bourandas, UHP-Delaware, Inc., and Patriot Health, Inc., and the defendants Cost Containment Group, Inc., Employee Stock Ownership Plan and Wilmington Trust Retirement and Institutional Services Company, which were pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the respondents appearing separately and filing separate briefs.
The plaintiff alleges that in 1993 he became the majority shareholder of the defendant UHP-Delaware, Inc. (hereinafter UHP), with 85% of the stock shares. In 1996, the plaintiff loaned UHP $250,000 with interest, and in 2001, he loaned the defendant Patriot Health, Inc. (hereinafter Patriot), $100,000 with interest. Both loans were evidenced by promissory notes. As of 2004, only a portion of each of the loans had been paid back.
The defendant Cost Containment Group, Inc. (hereinafter Cost Containment), was later created and became the parent company of UHP and Patriot. The plaintiff, however, was under the belief that Cost Containment became UHP's successor and that there was a change in name only. Thereafter, the defendant Cost Containment Group, Inc., Employee Stock Ownership Plan (hereinafter the ESOP) was formed to purchase shares of Cost Containment stock. The ESOP paid approximately $32 million for approximately 80% of the shares of Cost Containment stock. In 2017, the plaintiff and his wife were paid approximately $6 million for their equity interest in Cost [*2]Containment.
In June 2013, the plaintiff filed a voluntary petition for chapter 11 bankruptcy in federal court. He also filed a schedule B which listed his personal property, but did not include his UHP stock shares or the promissory notes (hereinafter the subject assets). The bankruptcy proceeding was closed in 2017.
In 2018, the plaintiff commenced this action, inter alia, seeking to recover damages for fraud, repayment of the loans, and punitive damages. The plaintiff alleged that due to certain misrepresentations about UHP and the value of his shares, he relinquished his shares for substantially less than their value. He also alleged that he had not been paid the amounts due under the outstanding promissory notes.
Thereafter, Cost Containment, UHP, Patriot, and the defendants Robert Hodes and Tracy Bourandas (hereinafter collectively the Cost Containment defendants) moved, inter alia, pursuant to CPLR 3211(a)(3) to dismiss the amended complaint insofar as asserted against them on the ground that the plaintiff lacked the legal capacity to sue. The ESOP and the defendant Wilmington Trust Retirement and Institutional Services Company separately moved, among other things, for the same relief on the same ground. In an order entered December 11, 2020, the Supreme Court, inter alia, granted those branches of the separate motions. The plaintiff appeals.
"The integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets" (Flanders v E.W. Howell Co., LLC, 193 AD3d 822, 823 [alteration and internal quotation marks omitted]; see Turner v Owens Funeral Home, Inc., 189 AD3d 914, 916). "Upon the filing of a voluntary bankruptcy petition, all property which a debtor owns, including a cause of action, vests in the bankruptcy estate" (Keegan v Moriarty-Morris, 153 AD3d 683, 684 [internal quotation marks omitted]; see 11 USC § 541[a][1]). "The failure of a party to disclose a cause of action as an asset in a prior bankruptcy proceeding, which the party knew or should have known existed at the time of that proceeding, deprives him or her of the legal capacity to sue subsequently on that cause of action" (Golden Jubilee Realty, LLC v Castro, 196 AD3d 680, 682 [alteration and internal quotation marks omitted]; see Potruch & Daab, LLC v Abraham, 97 AD3d 646, 647).
Here, it is undisputed that the plaintiff did not disclose in his schedule of assets in the bankruptcy proceeding the subject assets or the claims he now asserts against the defendants (see Jean-Paul v 67-30 Dartmouth St. Owners Corp., 174 AD3d 870, 871; Potruch & Daab, LLC v Abraham, 97 AD3d at 647). The defendants' submissions in support of their separate motions established that the plaintiff knew or should have known of the existence of the subject claims prior to the filing of the bankruptcy petition, that the causes of action against the defendants remained property of the bankruptcy estate, and that the plaintiff therefore lacked capacity to sue on those claims (see Keegan v Moriarty-Morris, 153 AD3d at 684; Potruch & Daab, LLC v Abraham, 97 AD3d at 647-648). In opposition, the plaintiff failed to raise a triable issue of fact.
Contrary to the plaintiff's contention, his failure to list the promissory notes in his schedule of assets in the bankruptcy proceeding, whether inadvertently or mistakenly, precludes him from pursuing those claims (see Dynamics Corp. of Am. v Marine Midland Bank-N.Y., 69 NY2d 191, 197; Hutchinson v Chana Weller, DDS, PLLC, 93 AD3d 509, 510).
The parties' remaining contentions are either academic in light of our determination or not properly before this Court (see Community W. Bank, N.A. v Stephen, 153 AD3d 899, 900; Matter of Wiebke v Wiebke, 77 AD3d 964, 965).
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court